People v Monk (2025 NY Slip Op 25204)

[*1]

People v Monk

2025 NY Slip Op 25204

Decided on September 5, 2025

County Court, Tompkins County

Miller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on September 5, 2025
County Court, Tompkins County

People of the State of New York

against
Jovon Monk, Defendant.

Ind. No. 70043-20

Veronica Fox, Esq., Tompkins County Deputy District Attorney
Andrew Bonavia, Esq., Tompkins County Deputy District Attorney
Thomas Shannan, Esq., for Defendant
Jerome Mayersak, Esq., for Defendant

Scott A. Miller, J.

Following a jury trial, Defendant Jovon Monk was convicted of Rape in the First Degree, Criminal Sexual Act in the First Degree, and Sexual Abuse in the First Degree. On appeal, the Third Department noted that the case "presented a classic he-said she-said credibility determination for the jury to resolve," and, according due "deference to the jury's determination that the victim's testimony was more credible than that of defendant," the Appellate Division concluded that "the weight of the evidence support[ed] the verdict." People v. Monk, 237 AD3d 1250, 1253 (3rd Dept. 2025). However, the Third Department nevertheless reversed the convictions based upon ineffective assistance of counsel, concluding that the cumulative effect of trail counsel's errors deprived Defendant of constitutionally meaningful representation. As the Third Department emphasized, "the issue at trial distilled to credibility, especially given that the victim and defendant testified to diametrically opposed series of events. In light of this, it was imperative for defense counsel to demonstrate that the victim's testimony regarding the events of the night in question was not credible." Id. at 1254. Trial counsel, however, not only vouched for the victim's credibility but also elicited testimony that Defendant had previously sold cocaine, had been incarcerated, was a parole violator, and regularly used drugs. Defendant's trial counsel also failed to object to the prosecutor's repeated vouching for the credibility of the victim during summation.
In its reversal, the Third Department stated:
We are also given pause by the fact that, as alleged by defendant in his CPL 440.10 [*2]motion and confirmed by a statement on the record at trial, it appears that defendant, until the last minute, was steadfast in his refusal to testify. In fact, counsel informed County Court that he and defendant were disagreeing because defendant was saying he wouldn't testify but counsel "fe[lt] strongly and [thought] strongly that [defendant] should take the stand in his defense." The court gave a brief recess for defendant and counsel to discuss this disagreement, which resulted in defendant electing to testify. Defendant argues that counsel erroneously informed him that the People could not cross-examine him regarding his parole status and having been in and out of prison. The record does lend some support to this argument as it was not until after the break and defendant choosing to testify that counsel asked the court to review the Sandoval ruling. Id. at 1255, fn.1. (emphasis added)
Once Defendant testified, the prosecutor predictably exposed that history in detail, further fatally undermining his overall credibility. The Third Department concluded that counsel's errors, viewed in their totality, could not be dismissed as a sound tactical strategy, but instead amounted to constitutionally defective representation.
A criminal defendant is guaranteed the effective assistance of counsel by both the U.S. and NY Constitutions. Pursuant to the more stringent standard under the New York Constitution, that right is satisfied "when the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation." People v. Dunham, 231 AD3d 1437, 1439 (3rd Dept. 2024). Here, the Third Department held that Defendant was denied such meaningful representation. The central issue now before this Court is whether Defendant's prior trial testimony—elicited under that defective representation—may be admitted at retrial. The Defendant has moved that Defendant's prior trial testimony be excluded at the retrial both on the People's case in chief and for use on impeachment. The People cross-move to be permitted to use Defendant's prior trial testimony both on their case-in-chief and upon cross-examination should the Defendant testify in any way inconsistent to such previous testimony.
The United States Supreme Court addressed a parallel problem in Harrison v. United States, 392 U.S. 219 (1968). There, the defendant initially elected not to testify. He changed course only after the Government introduced three confessions later deemed unlawfully obtained. The Court held that the defendant's trial testimony could not be admitted at retrial: "the same principle that prohibits the use of confessions so procured also prohibits the use of any testimony impelled thereby—the fruit of the poisonous tree, to invoke a time-worn metaphor." Id. at 223. The Harrison Court stressed that "[t]he question is not whether the [defendant] made a knowing decision to testify, but why. If he did so in order to overcome the impact of confessions illegally obtained and hence improperly introduced, then his testimony was tainted by the same illegality that rendered the confessions themselves inadmissible." Id.
This trial court has found nothing directly on point under New York precedent to guide its decision with respect to the unique factual circumstances of this case. Florida's Second District Court of Appeal extended Harrison's logic to ineffective assistance of counsel in Rolon v. State, 72 So.3d 238 (Fla. Dist. Ct. App. 2011). After Rolon's first conviction for second- degree murder, the trial court itself found that defense counsel had been ineffective in his direct [*3]examination of Rolon, including by failing to prepare him adequately and by eliciting testimony that opened the door to damaging cross-examination. The court sua sponte vacated the conviction on that basis. Yet at the second trial, the State was permitted to use Rolon's testimony from the first, tainted proceeding. The appellate court reversed, holding that "the admission during the second trial of Rolon's testimony from his first trial violated Rolon's Sixth Amendment right to the effective assistance of counsel." Id. at 244. The court emphasized that when testimony is elicited by deficient representation—here, testimony shaped by counsel's errors during an ineffective direct examination—it "taints the entire trial" and cannot be admitted into subsequent proceedings. Id. at 245.
Turning to New York law, People v. Peters, 157 AD3d 79 (1st Dept 2017), while it does not involve the issue of a defendant's trial testimony, underscores the same principle. In Peters, defense counsel simultaneously represented both Peters, the alleged drug seller, and Jones, one of the alleged buyers. During that conflicted representation, counsel negotiated a plea for Jones requiring him to allocute to a description that squarely fit Peters. The allocution not only fixed Jones' account but also eliminated any possibility that he could provide exculpatory testimony for Peters. When Jones later testified at Peters' trial, his testimony was wholly consistent with his plea allocution, which had been crafted while counsel owed duties to both men. The First Department found that "counsel's simultaneous representation of defendant [Peters] at the time of Jones's plea constituted an actual conflict." Id. at 80—81. The First Department concluded that that Peters' "right to the effective assistance of counsel was infringed by an actual conflict" because "at the time of their simultaneous representation and Jones's plea, the interests of defendant and Jones were clearly opposed." Id. at 84). Citing, People v. Berroa, 99 NY2d 134, 139 (2002), the Peters court emphasized that a defendant has the right to an attorney "single mindedly devoted to the client's best interests." Counsel's advice to Jones, which ensured Jones would become an inculpatory witness against Peters, was directly adverse to Peters' interests and constituted ineffective assistance of counsel. The court explained that "remedies [should be] uniquely tailored to dissipating the taint of counsel's ineffective assistance." Id. at 85. Consequently, the Peters court held that since Jones' testimony was "interwoven with a violation of defendant's State and Federal right to the effective assistance of counsel *** under the unique circumstances of this case, the exclusion of Jones's testimony at any future trial is necessary to dissipate the taint of counsel's conflicted and ineffective representation." Id. at 86. (emphasis added)
Here, Defendant Monk's testimony was not the product of free and informed choice but rather was interwoven with his trial counsel's ineffectiveness; as such, that testimony is tainted by the constitutionally defective representation. As in Peters, exclusion on the People's case-in- chief is "necessary to dissipate the taint" and restore Defendant to the position he would have occupied absent the constitutional violation that was interwoven with his decision to testify.
Allowing the People to present Defendant Monk's prior testimony in their case-in-chief would improperly give them an advantage flowing from constitutionally defective representation. However, consistent with Harris v. New York, 401 U.S. 222 (1971), and People v. Wise, 46 NY2d 321 (1978), the People may use Defendant's prior testimony solely to impeach him if he testifies inconsistently at retrial. This Court does not interpret every finding of [*4]ineffective assistance as automatically barring use of a defendant's prior testimony. The rule is sui generis and applies to the unique circumstances of this case, and the remedy is specifically tailored in order to dissipate the taint under the unique circumstances of this case. As such it is hereby
ORDERED, that the People are prohibited from introducing any portion of Defendant's previous trial testimony on their case-in-chief, but should the Defendant testify at retrial, the People may utilize the Defendant's prior testimony for impeachment purposes; and it is further
ORDERED, the Court's original Sandoval rulings remain the law of the case, and the parties should be guided accordingly; and
WHEREAS, the Court having conducted an on-the-record CPL Article 245 discovery conference on September 2, 2025, and having determined that the People have complied with their discovery obligations, have exercised due diligence, and that the People's statement of readiness was and remains valid, and further that the People's original and supplemental certificates of compliance were filed in good faith upon the exercise of due diligence; it is therefore
ORDERED, that Defendant's motion to dismiss pursuant to CPL §30.30 is 
DENIED; and it is further
ORDERED, that this case is ready for retrial, which jury trial shall commence on 
October 6, 2025, at 9:00 a.m.
Dated: September 5, 2025
Hon. Scott A. Miller
Tompkins County Court Judge